UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.

JOSEPH SMITH,

        Defendant-Movant.

Case No. 3:21-cr-76
Case No. 3:22-cv-330

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT-MOVANT'S MOTION TO VACATE HIS CONVICTION (Doc. No. 6); (2) DENYING A CERTIFICATE OF APPEALABILITY; AND (3) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL**

---

This matter is before the Court on Defendant-Movant Joseph Smith's ("Defendant") *pro se* motion[1] to vacate his conviction under 18 U.S.C. § 2255.  Doc. No. 6.  On June 21, 2018, the United States District Court for the Eastern District of Michigan sentenced Defendant to 46 months imprisonment, followed by 36 months of supervised release, upon his guilty plea to two counts of interference with commerce by robbery, 18 U.S.C. § 1951(a).  Doc. No. 1-2 at PageID 6.  As a mandatory condition of his supervised release, he was forbidden from committing any state or federal offense.  *See id.* at PageID 8.  Defendant's supervised release was scheduled to end on June 21, 2025.

Defendant was arrested in Dayton upon suspicion of a drug offense on June 10, 2021.  *See* Doc. No. 2.  The Eastern District of Michigan transferred jurisdiction over Defendant's supervised

---

[1] The Government has yet to respond to this motion, as the usual practice is for this Court to see in the first instance if a § 2255 motion, on its face, is barred.  *See* Rule 4(b), *Rules Governing § 2255 Proceedings for the United States District Courts*.

release to this Court on June 11, 2021, after the Probation Department informed the Court of Defendant's arrest. *See id.*; Doc. No. 2. Acting in accordance with the recommendation by Probation, the Court imposed no action on that violation. Doc. No. 2 at PageID 19. On August 5, 2021, Probation sent another report to the Court, noting that Defendant was arrested for more drug charges. Doc. No. 3-1 at PageID 28; Doc. No. 5 at PageID 31. Public records reveal that Defendant was convicted in state court of possessing drugs and is presently serving a two-year sentence in the Warren County Correctional Institution. *See State v. Smith*, No. 2021 CR 01922 (Mont. Cnty. C.P. Ct. Oct. 27, 2021); *see also, e.g.*, *Carr v. Louisville-Jefferson County*, 37 F.4th 389, 392 (6th Cir. 2022).

Meanwhile, returning to the time of his arrest on state charges, this Court issued an arrest warrant and detainer for Defendant. Doc. No. 3-1 at PageID 28. The detainer requires Defendant's return to federal custody upon the conclusion of his state court proceedings. Doc. Nos. 4, 5. His state proceedings will conclude when he has served his two-year sentence in full.

Defendant filed his § 2255 motion on November 18, 2022. Doc. No. 6. His sole ground for relief is that "[h]e has been in custody since July, 2021 and has yet to receive a revocation hearing on his federal detainer." *Id.* at PageID 38. He admits that he previously raised this issue in a § 2254 motion, although he does not indicate where he filed that motion. *Id.* at PageID 38–39. His sole request for relief is that this Court "reinstate parole or to suspend or run my federal sentence concurrent to this state sentence." *Id.* at PageID 46.

"In § 2255, Congress gave federal criminal defendants an additional chance to challenge their convictions and sentences." *United States v. Augustin*, 16 F.4th 227, 231 (6th Cir. 2021). If "a district court determines that a defendant's conviction is unlawful, it must 'vacate and set the judgment aside.'" *Id.* (quoting 28 U.S.C. § 2255(b)); *see also United States v. Flack*, 941 F.3d

2

238, 242 (6th Cir. 2019) (Murphy, J., concurring). Section 2255 offers four grounds upon which to claim relief: (1) the sentence violates the Constitution or the laws of the United States; (2) the district court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence is subject to collateral attack. 28 U.S.C. § 2255(a). "[A] petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence" on the proceedings to justify relief. *Jefferson v. United States*, 730 F.3d 537, 549–50 (6th Cir. 2013) (citation omitted). District courts "must dismiss" a § 2255 motion upon initial review "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b), *Rules Governing § 2255 Proceedings for the United States District Courts*.

Defendant's motion lacks merit, and is subject to dismissal at this early stage, for several reasons.[2] He does not seek to challenge the underlying merits of his federal or state conviction, so it "plainly appears" that he "is not entitled to relief" under § 2255. *Id.* Moreover, Defendant's motion is untimely due to the applicable one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Notwithstanding those problems, Defendant's request to receive an immediate or early federal revocation hearing, when construed in his favor, implicates the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. § Appendix 2, *et seq.* To receive a hearing on the underlying charges, state or federal, a defendant must deliver a written notice to the "official having custody" of the defendant. *Id.* § 2(c). Nothing in the record indicates Defendant has complied with this mandatory condition. More fundamentally, a § 2255 motion is not the proper vehicle to entertain that request. *See Mars v. United States*, 615 F.2d 704, 707 (6th Cir. 1980) ("IAD claims are not cognizable under a motion

---

[2] As the Court does in all instances, Plaintiff's non-delusional factual allegations are accepted as true and his *pro se* filings are liberally construed in his favor. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).

3

for § 2255 relief" (citations omitted)); *Curtis v. United States*, 123 F. App'x 179, 184 (6th Cir. 2005).

Based on the foregoing, Defendant's motion is **DENIED**.  Because reasonable jurists would agree with this conclusion, the Court **DENIES** Defendant a certificate of appealability.  The Court also **CERTIFIES** that any appeal of this Order would be objectively frivolous and finds that Plaintiff should be denied *in forma pauperis* status on appeal.  This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:   February 14, 2023                          s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge